## J. A. MOORE v. O. E. LYNCH.

EXECUTION FROM ANOTHER COUNTY. *Void on its face.* A Justice of the Peace for Coffee County, issued an execution on a judgment which had been rendered in Rutherford County, reciting " that the same was obtained before H. C. C., a Justice of the Peace for Rutherford County, Tennessee, on the 13th of March, 1861, against the said J· A. M., as appears by a certified execution, issued by W. D. H., Justice of the Peace for Rutherford County, and certified by James ———, County Court Clerk of said county, which is on file in my office."

*Held,* to be void on its face.

Cases cited    Gibbs *v.* Hawkins, 6 Yerg., 481; Moyers *v.* Inman, 2 Swan, 80; Eason *v.* Cummins, 11 Hum., 210.

Code cited : §3073.

---

FROM RUTHERFORD.

---

Appeal from    the Circuit Court.    W. P. HICKER-SON, Judge.

B. M. TILLMAN for Moore.

IRABY C. STONE for Lynch.

NICHOLSON, C. J., delivered the opinion of the Court.

On the 13th of March, 1861, Lynch obtained a judgment against Moore, before a Justice of the Peace of Rutherford County, for $46. On the 22nd of April, 1872, James Price, a Justice of the Peace of Coffee County, issued an execution on the judgment, reciting that the same was obtained before H. C. Carter,

Justice of the Peace for Rutherford County, Tennessee, on the 13th day of March, 1861, against the said J. A. Moore, as appears by a certified execution issued by W. D. Hicks, Justice of the Peace for Rutherford County, and certified by James ———, County Court Clerk of said County, which is on file in my office.

Moore filed his petition and obtained a *fiat* for a *supersedeas*, to have this execution quashed. The Circuit Judge refused to quash it, but submitted the matter in controversy to a jury, on the question whether the execution had been paid. The jury found that it had not been paid, and judgment was given for Lynch.

The grounds. on which the petition for *supersedeas* was based, were, that the original debt on which the judgment was rendered, on the 13th of March, 1861, had been previously paid, and that the judgment was void, because taken without any notice to Moore.

The Circuit Judge held, that, the *supersedeas* only brought before him the execution issued by the Justice of the Peace of Coffee County, and that he had no jurisdiction to inquire into the justice or regularity of the original judgment rendered by the Justice in Rutherford County. Without determining whether this holding was correct or not, we think it clear, that, the execution issued by the Justice of the Peace of Coffee County was void, for defects appearing on its face.

This execution was issued under §3073 of the Code, which enacts a new and special jurisdiction that must be strictly pursued, in order to make valid the pro-

ceedings under it, and there are no presumption in favor of it; 6 Yerg., 481; 2 Swan, 80; 1 Hum. 240. If the certificate of the Clerk is substantially defective, in omitting to state that the Justice under the judgment was "an acting Justice of the Peace at the time of its rendition," the execution founded on it is simply void; 11 Hum. 210; 5 Sneed, 372.

Upon examination of the execution in this case, it is fatally defective, and that it is void, and ought to have been quashed.

The judgment is reversed and the execution quashed.